Alvin R. Chavis, Appellant *v.* Philadelphia County Board of Assistance, Department of Public Welfare, Appellee.

Argued February 3, 1977, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Germaine Ingram,* with her *Harold I. Goodman,* for appellant.

*Lynne Mountz,* Assistant Attorney General, for appellee.

OPINION BY JUDGE BLATT, March 10, 1977:

Alvin Chavis (appellant) was hired as a probationary Income Maintenance Worker Trainee by the Philadelphia County Board of Assistance (Board) in January of 1975. He attained regular status as an Income Maintenance Worker the following August. Deficiencies in his record-keeping duties, however, led

to an investigation of his work by his superior which resulted in his being suspended without pay on October 24, 1975. On December 6, 1975, he received a letter from the Board dated December 4, 1975, which informed him that for the reasons stated therein he had been demoted to Income Maintenance Worker Trainee and removed from that position effective December 3, 1975. A timely appeal from the demotion and removal was filed with the State Civil Service Commission (Commission), but, after a hearing, the Commission dismissed the appeal. This appeal followed.

Our scope of review here is defined in Section 44 of the Administrative Agency Law,[1] 71 P.S. §1710.44, which requires this Court to affirm an adjudication of the Commission unless constitutional rights were violated, the adjudication was not in accordance with the law, or a necessary finding of fact was unsupported by substantial evidence. The appellant argues here that his constitutional right to due process of law was violated because the notice given to him by the Board of his demotion and removal was deficient.

Section 950 of the Civil Service Act,[2] 71 P.S. §741.950, provides in relevant part:

> Every person in the classified service shall be furnished with written notice of any personnel action taken with respect to him pursuant to the provisions of the act. Such notice ... shall be furnished within the limits prescribed by the rules of the commission. The notice shall in the case of the permanent separation ... or demotion of a regular employe set forth the reason or reasons for the action.

The regulations of the Commission in the case of re-

---

[1] Act of June 4, 1945, P.L. 1388, *as amended*, 71 P.S. §1710.1 et seq.

[2] Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §741.1 et seq.

moval of a regular status employee require that advance notice be given to the affected employee setting forth "a clear and complete statement of the specific reasons" for the removal. 4 Pa. Code §§105.1-.3. The purpose of these regulations is to satisfy the due process requirements by affording an affected employee reasonable notice of the charges against him so that he will have sufficient opportunity to answer the charges and fight his removal. *Rizzo v. Civil Service Commission*, 17 Pa. Commonwealth Ct. 474, 333 A.2d 212 (1975).

Our careful review of the record in this case leads us to conclude that the notice given to the appellant here was deficient on several grounds. Initially, we note that it was retroactive in that it notified the appellant of his demotion and removal which were indicated to have become effective the day before the notice was mailed. This procedure is in clear violation of the regulations interpreting Section 950 of the Civil Service Act, which require that the employee be given *advance* notice of removal by the appointing authority. A more serious defect lies, however, in the content of the notice, which listed the following reasons for his demotion and removal:

> Falsification of official documents and records; concealment of material fact by omission and without adequate justification; failure to be at work on tasks assigned; gross negligence resulting in monetary loss to Commonwealth and Welfare Recipients; neglect of duty; failure to comply with job instruction resulting in service delayed or not delivered; failure to observe the client's rights.

As we observed in *Benjamin v. State Civil Service Commission*, 17 Pa. Commonwealth Ct. 427, 332 A.2d 585 (1975), a removal notice need not be drafted with the certainty of a bill of indictment and due process

of law is afforded when the employee is informed with reasonable certainty of the substance of the charges, but we also held that the notice must be framed in a manner which enables the employee to discern the nature of the charges and to prepare adequately his defense. Under these guidelines, we believe the notice given the appellant here was insufficient. His duties as an Income Maintenance Worker involved the monitoring of the varying needs and shifting eligibilities of approximately 110 welfare clients. This responsibility required a multitude of activities both inside and outside his office. In this context, we believe that the reasons listed in the notice were much too general to allow him to prepare an adequate response. While a listing of specific incidents of an employee's behavior in the notice may be unnecessary, the reasons listed should at least refer specifically to those aspects of the employee's responsibility in which he was found deficient and should identify the deficiencies with much more particularity than was done here. Charges as general as these make adequate preparation of a defense difficult if not impossible and make a hearing of little use to an employee threatened with discharge.

For these reasons, we believe that the order of the Commission must be reversed and this case remanded for further proceedings.

## Order

And Now, this 10th day of March, 1977, the order of the Civil Service Commission dismissing the appeal of Alvin R. Chavis is hereby reversed and the case is remanded for another hearing. Prior to this hearing, the Civil Service Commission shall direct the appointing authority to supply Alvin R. Chavis with notice stating clearly the specific reasons for his demotion and removal as outlined in this opinion.