Edna Wood, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Warren State Hospital, Respondent.

Submitted on briefs, November 16, 1979, to Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Dennis R. Biondo,* for petitioner.

*Marlene W. Jackson,* Assistant Attorney General, for respondent.

OPINION BY JUDGE BLATT, February 21, 1980:

Edna Wood (petitioner) appeals here from an order of the State Civil Service Commission (Commission) which sustained her removal from employment as a Psychiatric Aide I at the Warren State Hospital of the Pennsylvania Department of Public Welfare (respondent). She had been responsible for the daily care of 10 incapacitated patients, which involved their feeding and bathing and the changing of their clothes. By a letter dated January 25, 1978, she was notified of her dismissal effective February 8, 1978 and informed that the reason for it was her ''continued unsatisfactory work performance.'' She requested a

hearing, which was held on April 11, 1978. On March 24, 1978, however, she received a second letter from the respondent which greatly expanded upon the reasons for her removal, listing five unsatisfactory performance evaluations, and adding other reasons such as bad work attitudes, failure to participate in weekly conferences, and failure to perform regular assignments. At the hearing of April 11, 1978, the Commission sustained the removal.

The petitioner contends here that the findings of the Commission were not supported by substantial evidence and, additionally, that her constitutional right to due process was violated because the notice of removal given her by the respondent was untimely and failed to explain adequately the reason for her dismissal.

Our scope of review is defined in Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704, which requires us to affirm an adjudication of the Commission unless constitutional rights are violated, the adjudication is not in accordance with law, or a necessary finding of fact is unsupported by substantial evidence. Our careful review of the evidence leads us to conclude that there is substantial evidence in the record to support the Commission's finding that the petitioner continuously failed to meet the respondent's criteria for caring for patients and that this failure adversely affected the patients' health and comfort. We must therefore affirm the portion of the Commission's findings which hold that the petitioner was removed for just cause.

Turning to the due process issue concerning the sufficiency of the first removal notice of January 25, 1978, we note that Section 950 of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §741.950, provides in part:

> Every person in the classified service shall be furnished with written notice of any personnel action taken with respect to him pursuant to the provisions of this act. Such notice . . . shall be furnished within time limits prescribed by the rules of the commission. The notice shall in the case of the permanent separation . . . set forth the reason or reasons for the action.

The regulations of the Commission promulgated under this act require that an employee be given advance written notice of his removal, 4 Pa. Code §105.1, and that the notice of removal "include a clear statement of the reasons therefor, sufficient to apprise the employe of the grounds upon which the charges are based." 4 Pa. Code §105.3. We have previously held that a removal notice need not be drafted with the certainty of a bill of indictment, but that due process does require that it be framed in a manner which enables the employee to discern the nature of the charges and adequately to prepare a defense. *Benjamin v. State Civil Service Commission,* 17 Pa. Commonwealth Ct. 427, 332 A.2d 585 (1975). Under these guidelines, we believe that the notice given to the petitioner on January 25, which stated she was to be removed for "continued unsatisfactory work performance," was insufficient. Her duties involved several separate tasks, yet the letter provided no clue as to exactly what part of her work was unsatisfactory. As we observed in *Chavis v. Philadelphia County Board of Assistance,* 29 Pa. Commonwealth Ct. 205, 370 A.2d 445 (1977):

> While a listing of specific incidents of an employee's behavior in the notice may be unnecessary, the reasons listed should at least refer specifically to those aspects of the em-

ployee's responsibility in which he was found
deficient and should identify the deficiencies.

. . .

29 Pa. Commonwealth Ct. at 209, 370 A.2d at 447-448.
In this context, the reason for the petitioner's re-
moval as stated in the letter of January 25, 1978 was
much too general to allow her to prepare an adequate
defense. The notice of January 25, 1978, therefore,
was ineffective. Our review of the respondent's
amended letter of March 24, 1978, however, leads us
to conclude that it did sufficiently detail the specific
reasons for the petitioner's removal so as to operate
as an effective notice thereof.

Having concluded that the letter of January 25,
1978 was ineffective for the purposes of 4 Pa. Code
§105.3, which requires an adequate explanation of the
reasons for removal, we must consider whether that
finding also makes the letter ineffective for the pur-
poses of 4 Pa. Code §105.1, which requires advance
written notice of removal. The significance of such
a determination is that, if the letter of January 25,
1978 did not operate as an advance notice of removal,
then the effective date of removal stated in the letter
was inoperative.

This issue, we believe, is controlled by our decision
in *Rizzo v. Civil Service Commission,* 17 Pa. Common-
wealth Ct. 474, 333 A.2d 212 (1975), in which we held
that, when a classified employee receives a deficient
notice of removal, and receives a sufficiently detailed
notice only after the stated effective date of removal,
the effective date of removal is postponed until the
date of the effective notice; thus, the employee is en-
titled to back pay until such effective date. Because
the letter of March 24, 1978 contained the first suffi-
cient explanation of the reasons for the petitioner's
removal, our decision in *Rizzo, supra,* compels us to
conclude here that March 24, 1978 was also the effec-

tive date of the petitioner's removal, and that she is entitled to back pay until that date.

As to the petitioner's contention that this letter of March 24, 1978, which we have determined to be the effective notice of her removal, violated her due process rights because it provided her with insufficient time (17 days) to prepare for the hearing which already had been set for April 11, 1978, we note that 4 Pa. Code §105.11 requires only 10 days notice in advance of a removal hearing. We believe that the longer notice given here was constitutionally sufficient.

The order of the Commission, therefore, is reversed as to its finding of the effective date of removal, and the case will be remanded for a determination of the petitioner's claim for back pay. The determination of the Commission is otherwise affirmed.

ORDER

AND Now, this 21st day of February, 1980, the final order of the Civil Service Commission in the above-captioned matter is affirmed to the extent set forth in our opinion, i.e., with respect to the determination of the timeliness of the Department of Public Welfare's removal letter to the petitioner, Edna Wood, dated March 24, 1978, and with respect to its determination that the petitioner was removed for just cause. It is otherwise set aside, however, as to its finding of the effective date of removal. The record is hereby remanded to the Commission for proper findings in conformity with our opinion concerning the petitioner's claim for back pay up to the date on which her removal became effective. The Commission may, but need not, receive additional evidence, and upon adopting an appropriate finding as to the back pay due, shall revise its final order accordingly.

This decision was reached prior to the death of President Judge BOWMAN.

Judge DiSALLE did not participate in the decision in this case.