374

Richard Turzai, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Respondent.

Argued March 14, 1985, before Judges DOYLE and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Ralph J. Ruggiero,* for petitioner.

*Eileen S. Maunus,* Assistant Counsel, for respondent.

OPINION BY JUDGE DOYLE, July 12, 1985:

This is an appeal by Richard Turzai (Appellant) from an adjudication and order of the State Civil Service Commission (Commission) sustaining his removal from the position of Enforcement Officer II, regular status, by the Pennsylvania Liquor Control Board (Appointing Authority).

The Commission found that Appellant disclosed to Robert J. Sabo, the owner of Sabo's Cafe (Cafe), and

to a barmaid employed there, that an investigation of the Cafe was being conducted by the Appointing Authority. The Commission further found that Appointing Authority policy prohibits the disclosure of confidential information and the revelation of complaints or complainants to unauthorized persons. Accordingly, it determined that just cause existed for the removal of Appellant pursuant to Section 807 of the Civil Service Act (Act).[1]

Our scope of review of a Commission order is limited to determining whether there has been a constitutional violation or an error of law and whether findings of fact are supported by substantial evidence on the record. *Mufson v. Department of Public Welfare,* 72 Pa. Commonwealth Ct. 404, 456 A.2d 736 (1983).

Appellant has raised numerous challenges to the Commission decision and we shall examine his contentions seriatim. First, Appellant maintains that the charges appearing in his removal letter were not sufficiently specific to afford him due process as mandated by Section 950 of the Act, 71 P.S. §741.950.[2] The removal letter stated in pertinent part that Appellant was being charged with "[c]onduct unbecoming an Enforcement Officer by virtue of your violations of the *Manual of Instructions,* Chapter 641-75 and *Handbook for Enforcement Officers* during or about the week of April 11, 1983 in Sabo's Cafe (R-7813).'' The letter further stated that the charges were (1) improper conduct while on or off duty (2) disclosing confidential information to unauthorized persons and (3) revealing complaints or complainants to unauthorized persons. The Commission, noting that the letter mentioned an approximate date and

---

[1] Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §741.807.
[2] Section 950 was added by Section 27 of the Act of August 27, 1963, P.L. 1257.

place, and included citations to the Appointing Authority manual and handbook, as well as statements of the policies allegedly violated, determined that it met the due process criteria for a personnel action letter as enunciated by this Court in *Wood v. Department of Public Welfare*, 49 Pa. Commonwealth Ct. 383, 411 A.2d 281 (1980). We agree. Appellant cites *Chavis v. Philadelphia County Board of Assistance*, 29 Pa. Commonwealth Ct. 205, 370 A.2d 445 (1977), in which a notice relating to falsification of documents was found to be constitutionally infirm. But the letter in *Chavis* contained broad general allegations such as "concealment of a material fact by omission", "gross negligence", "neglect of duty", and "failure to comply with instructions." In the instant case the charges as stated contain considerably more information than in *Chavis* and thus comprise a notice which would allow the employee to comprehend the nature of the charges and adequately prepare a defense. *Wood.* We therefore reject Appellant's assertion that his notice was inadequate.

Appellant next contends that the Appointing Authority's prima facie case is fatally defective because the Appointing Authority did not enter into evidence the report pertaining to the substantive investigation of the Cafe and did not present proof that Appellant had access to or knowledge of the contents and date of that report. Appellant misses the point. The only issues before the Commission were whether there was an ongoing investigation of the Cafe and whether Appellant disclosed this fact. Examination of the personnel action letter clearly indicates that it is mere disclosure of the investigation which forms the basis of the charges upon which the removal is premised. The investigator himself testified that such an investigation was, in fact, in progress. The bar owner and

barmaid testified that Appellant told them of the investigation. The Commission found this testimony credible. Thus, substantial evidence existed for the Commission's determination and any matters contained in the report were mere surplusage unnecessary to establish just cause for removal.

Appellant next contends that because Sabo testified that the tip-off occurred in May (rather than in April as the removal letter stated) the Appointing Authority failed to establish a prime facie case. Although the Appointing Authority did not present evidence that the infraction occurred in April, it did establish that Appellant revealed confidential information in the Cafe by revealing to Sabo and the barmaid that the Appointing Authority was investigating that establishment. Thus, the fact that Sabo could not recall the exact date of the incident is de minimis in light of the totality of his testimony. Sufficient facts as alleged in the removal letter were proved to establish just cause based upon the stated charges.

Appellant argues next that the Commission denied him due process in that it refused to admit into evidence an Appointing Authority report which report revealed that Appellant's name had been suggested to Sabo as the tipster by the Appointing Authority employee conducting an investigation into the leak of the confidential information.[3] We do not agree with Appellant that due process was denied by the Commission's refusal to admit the report. The Commission, although it did refuse to admit the actual re-

---

[3] A careful review of the record reveals that Appellant's *last* name was suggested to Sabo only *after* Sabo mentioned Appellant's first name and indicated where Appellant lived. Sabo explained that he simply did not know Appellant's last name. We note that the Commission found Sabo's identification of Appellant at the hearing to be credible.

port, and, in fact, found it to be cumulative evidence,[4] did permit the report to be used for purposes of cross-examination. Exclusion of cumulative evidence is not error. *Rabenstein v. State Workmen's Insurance Fund*, 15 Pa. Commonwealth Ct. 160, 325 A.2d 681 (1974). Additionally, we decline to accept Appellant's suggestion which is, in essence, that the constitutional standards pertaining to witness identification of criminal suspects be applied to a Commission hearing. Commission proceedings clearly are not criminal in nature and we have rejected application of other criminal standards to Commission hearings in the past. *See, e.g., Hughes v. State Civil Service Commission*, 17 Pa. Commonwealth Ct. 344, 331 A.2d 590 (1975) (Appointing Authority need not justify suspension or removal on a charge of theft of State property by proof beyond a reasonable doubt).

Appellant's next point of error is that the Commission failed to properly rule on his oral motion to dismiss for failure to establish a prima facie case. This motion was made at hearing and ruling was deferred. Commission Regulation 105.15(b)7, 4 Pa. Code §105.15(b)7, states that the Commission shall promptly rule on such motion. However, only one Commissioner, of three appointed,[5] was present at hearing. Implicit in the creation of the three member panel is the requirement that the substantive issue (in this case whether just cause existed) be decided *by the Commission as a body.* Where a majority of the

---

[4] Sabo *admitted* that Appellant's name had been suggested to him. *See* note 3 *supra.* Additionally, Commission Chairman Mary D. Barnes stated that such internal agency reports are usually regarded as confidential.

[5] Section 452 of The Administrative Code 1929, Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §162, creates the Commission and specifies that it "shall consist of three members."

Commission was not present to determine whether a prima facie case had been presented, the single member present was without power to express the view *of the Commission* as to whether a prima facie case had been established. Accordingly, the deferral on the motion was not only proper, but required.[6] Although no express ruling was ever made on this motion to dismiss in the Commission's adjudication it was denied by implication and, thus, the Commission acted properly in considering all the evidence of record in reaching its decision.

Finally, Appellant maintains that several of the Commission's findings are not supported by substantial evidence. Our review of the record discloses that the findings are adequately supported. Based on the foregoing the decision of the Commission is affirmed.

ORDER

Now, July 12, 1985, the Adjudication and Order of the State Civil Service Commission, Appeal No. 4693, dated February 23, 1984, is hereby affirmed.

---

[6] We do not hold that a single Commissioner is without power to rule on evidentiary questions and, indeed, *Fleming v. State Civil Service Commission*, 13 Pa. Commonwealth Ct. 421, 319 A.2d 185 (1974) and *Siegel v. State Civil Service Commission*, 9 Pa. Commonwealth Ct. 256, 305 A.2d 736 (1973), which hold that only a single Commissioner need actually be present at a hearing, impliedly permit a single Commissioner to make such evidentiary rulings.

---

CONCURRING AND DISSENTING OPINION BY SENIOR JUDGE KALISH:

The petitioner, Richard Turzai, has appealed from an adjudication of the State Civil Service Commission (Commission) affirming the decision of the Pennsylvania Liquor Control Board (PLCB) which removed

him from his position as an enforcement officer. In a notice sent to him, he was charged with disclosing confidential information and revealing complaints to unauthorized persons. The notice contained the name of the cafe where the disclosures took place, the approximate time and the citations to relevant portions of the manual containing the violations.

Several weeks before the hearing, the petitioner sought discovery of certain documents in possession of the PLCB which, he alleged, would show that the investigation improperly suggested his name. This pretrial discovery was refused; however, counsel was permitted its limited use on cross-examination of the investigator during the trial.

It is contended by the petitioner that he was denied due process in that 1) the notice was insufficient and that, 2) he was denied pretrial discovery.

Due process requires that the notice give the employee such information that he can discern the nature of the charges and prepare an adequate defense. *Wood v. Department of Public Welfare*, 49 Pa. Commonwealth Ct. 383, 411 A.2d 281 (1980). In the instant case, the notice met this requirement. It apprised him of the charges and of where and when the offense occurred, with citations to the relevant portions of the manual. While the notice did not refer to specific incidents, an employee, from the information given, would be able to discern the nature of the charge and when and where it occurred. *See Chavis v. Philadelphia County Board of Assistance*, 29 Pa. Commonwealth Ct. 205, 370 A.2d 445 (1977).

I agree with the majority's view that under the circumstances of this case, a single commissioner had the power to dismiss the case.

Employment, in a non-probationary state position, is a property right and a person may not be deprived

of the liberty to hold such a property right except by due process of law. *Adler v. Montefiore Hospital of Western Pennsylvania,* 453 Pa. 60, 311 A.2d 634 (1973). Where procedural due process is involved, the issue relates to the kind of process that is due. Certain aspects of our legal procedure are regarded as our due. These aspects are a mixture of essential fairness and traditions in the law. Our past history and traditions are replete with examples of special considerations to a defendant in a criminal prosecution. The procedural aspect of Rule 305 of the Rules of Criminal Procedure, Pa. R. Crim. P. 305, makes mandatory, *inter alia,* the pretrial disclosure of the circumstances of the identification. The comment to this rule says it was designed to provide adequate information to afford opportunity for effective cross-examination and to meet the requirements of due process *discovery prior to trial* shall be as full and free as possible.

In a civil action, Rule 4001 of the Rules of Civil Procedure, Pa. R.C.P. No. 4001, provides for discovery through the production of documents, and by depositions and interrogatories, for the preparation for a trial of a case. Section 504 of the Administrative Agency Law, 2 Pa. C. S. §504, provides that no adjudication shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard. Effective cross-examination is one of the great engines in the truth-seeking process. Thus, our legal history shows that the broadest dimensions of constitutional protection must be provided to the fact-finding process.

This Court is not deprived of the power to entertain claims challenging an agency's failure to afford a constitutional remedy. *Department of Public Welfare v. Eisenberg,* 499 Pa. 530, 538, 454 A.2d 513, 516

(1982) (concurring opinion of former Chief Justice ROBERTS). Thus, in *Callahan v. Pennsylvania State Police,* 494 Pa. 461, 431 A.2d 946 (1981), our supreme court held that adjudicatory action cannot be taken validly by any tribunal, *whether judicial or administrative,* except upon a hearing wherein each party has an opportunity to know of the claims of his opponent, to hear the evidence introduced against him, to cross-examine witnesses, to introduce evidence on his own behalf and to make argument.

What we are concerned with here is not, as the majority states, the Commission's refusal to admit a report into evidence because it was cumulative; rather, the issue is the refusal of the Commission to allow pretrial discovery of a report in which the petitioner's name had been suggested as the tipster.

To allow the report for the limited purpose of use in cross-examination of a witness, where a timely pretrial request has been made, does not comport with the history of the broad dimension of pretrial constitutional protection our courts have provided. Its denial pretrial chills the opportunity to know the claims of the opponent, frustrates an adequate opportunity for cross-examination and does not meet the requirement that due process discovery prior to trial shall be as full and complete as possible. Pretrial discovery is part of the truth-seeking process. When due process is denied, an adjudication is not valid. *Callahan.*

I would reverse the action of the Civil Service Commission and remand the case to the Commission for a new hearing.