519 A.2d 567

Richard D. Turzai, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs December 16, 1985, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Ralph J. Ruggiero,* for appellant.

*Eileen S. Maunus,* Assistant Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, December 31, 1986:

Richard D. Turzai (claimant) petitions for review[1] of an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision finding him ineligible for benefits on account of willful misconduct.[2]

The claimant, an enforcement officer for the Pennsylvania Liquor Control Board (PLCB), was dismissed

---

[1] This case was assigned to the author on November 6, 1986.

[2] Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e), provides for the ineligibility of a claimant who is discharged for willful misconduct connected to his work. The burden of proving willful misconduct is, of course, on the employer. *Wideman v. Unemployment Compensation Board of Review,* 95 Pa. Commonwealth Ct. 218, 505 A.2d 364 (1986).

for allegedly disclosing the existence of an on-going undercover investigation to a liquor licensee who was the subject of the investigation. The claimant's dismissal was upheld by the Civil Service Commission (Commission), which decision was affirmed by this Court in *Turzai v. Pennsylvania Liquor Control Board,* 90 Pa. Commonwealth Ct. 374, 495 A.2d 639 (1985).[3]

At the hearing before the unemployment compensation referee, the PLCB advised the referee that its two key witnesses, the licensee, a Mr. Stavo, and his employee to whom the claimant also allegedly revealed the investigation, had ignored properly served subpoenas[4] and would not be present to testify. After the claimant, appearing at this hearing *pro se,* objected to obtaining the testimony of these witnesses by telephone,[5] the referee admitted into evidence, under advisement and subject to the claimant's objection, the notes of testimony of the Commission hearing at which both of these witnesses testified. The referee stated that he would

---

[3] Just cause for removal of a civil service employee is a clearly different standard than willful misconduct. *Lebanon County Board of Assistance v. Unemployment Compensation Board of Review,* 16 Pa. Commonwealth Ct. 558, 332 A.2d 888 (1975).

[4] The Board and its referees are empowered by Section 506 of the Act, 43 P.S. §826, to compel the attendance of witnesses by subpoena. And, in this case, the referee at the second hearing, outlined the appropriate subpoena enforcement procedure. *See* Section 507 of the Act, 43 P.S. §827 and 34 Pa. Code §§101.31—101.34.

[5] Evidence obtained via telephone, to which, as here, a proper objection has been made, may not be admitted into an unemployment compensation hearing record. *Knisley v. Unemployment Compensation Board of Review,* 93 Pa. Commonwealth Ct. 519, 501 A.2d 1180 (1985) (On February 20, 1986 the Board filed a Motion to Amend Order to Include Statement Required to Appeal Interlocutory Order in *Knisley* pursuant to Section 702(b) of the Judicial Code, 42 Pa. C. S. §702(b), and on March 26, 1986, this Court entered an Order denying the Board's Motion).

schedule another hearing if he subsequently determined that the Commission transcript was inadmissible. No decision, however, was rendered by this referee.

A second hearing was held by a different referee and the claimant denied disclosing confidential information to any unauthorized persons. The PLCB presented only a single witness who admitted that he had no first-hand knowledge of the alleged misconduct. The PLCB found itself once again unable to produce the licensee and his employee, although both had been again properly subpoenaed, and so the PLCB again proffered the notes of testimony of the Commission hearing. Over the objection of the claimant, now represented by counsel, the referee admitted the transcript and subsequently determined that the claimant was ineligible for compensation. The Board then reversed the referee's determination and awarded compensation. Upon the PLCB's motion for reconsideration, the Board reversed its prior determination and denied the claimant compensation. The claimant's appeal to this Court followed.

Before us, the claimant contends that the referee erred in admitting the notes of testimony from the Commission hearing, in that the proffered notes of testimony consisted of a copy of the transcript, unverified in any manner other than by the verbal representations of counsel for the employer, and, that the conditions precedent required by Section 5934 of the Judicial Code (Code), 42 Pa. C.S. §5934, were not met. We will address the claimant's Section 5934 argument first.

Section 5934 pertinently provides that:

Whenever any person has been examined as a witness in any civil matter before any tribunal of this Commonwealth . . . *if such witness afterwards dies, or is out of the jurisdiction so that he cannot be effectively served with a subpoena, or if he cannot be found, or if he becomes in-*

*competent to testify for any legally sufficient reason* . . . properly proven notes of the examination of such witness shall be competent evidence in any civil issue which may exist at the time of his examination, or which may be afterwards formed between the same parties and involving the same subject-matter as that upon which such witness was so examined. . . . (Emphasis added.)

It is beyond argument that the witnesses necessary to the Commission's case were available; that subpoenas had been properly served on them; and that no effort was made to enforce those subpoenas, despite the referee's information as to the appropriate method to do so. Clearly, under such circumstances, Section 5934 operates to bar the admission of the Civil Service Commission transcript in this case.

Without the Civil Service Commission transcript, the record here is devoid of competent evidence to support the Board's adjudication. In accordance with the limitations on our scope of review,[6] we will, therefore, reverse the order of the Board.[7]

ORDER

AND NOW, this 31st day of December, 1986, the order of the Unemployment Compensation Board of Review in the above-captioned case is reversed.

---

[6] In reviewing administrative adjudications, we are limited to determining whether or not constitutional rights were violated, errors of law were committed or necessary findings of fact are not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Estate of McGovern v. Pennsylvania State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

[7] Due to our holding under Section 5934, we need not address the claimant's other argument.

CONCURRING OPINION BY JUDGE COLINS:

I concur in the result reached by the majority of this Court in the instant matter, but would find the notes of testimony of the prior Civil Service Commission (Commission) inadmissible on other grounds.

Assuming arguendo, that the conditions precedent for the admission of notes of former testimony required by Section 5934 of the Judicial Code (Code), 42 Pa. C. S. §5934, had been satisfied, the notes of testimony proffered by the Pennsylvania Liquor Control Board (Board), as the majority indicates, consisted of a mere photostatic copy of the transcript unverified in any manner other than by the verbal representations of counsel. This photostatic copy was devoid of any certification by the Commission, the individual stenographer, or any stenographic service. An alleged verification by the stenographer appended to the transcript was also a photostatic copy. The only statements concerning the accuracy of the transcript were made by counsel for the Board, who was incompetent to testify in this matter and who was never sworn as a witness.

Since administrative proceedings are not governed by technical rules of evidence, 2 Pa. C. S. §505, it is arguable that Section 5934 of the Code does not apply in the instant matter. However, absent proper authentication, the notes of testimony could not be admissible under any statutory or common law exception to the hearsay rule.

This Court has previously held that the hearsay rule is "not a technical rule of evidence but a basic, vital and fundamental rule of law which ought to be followed by administrative agencies at those points in their hearings when facts crucial to the issue are sought to be placed upon the record." *Bleilevens v. Pa. State Civil Service Commission*, 11 Pa. Commonwealth Ct. 1, 5, 312 A.2d 109, 111 (1973). Therefore, I would reverse for a different reason than that of the majority.