567 A.2d 763

**STATE CORRECTIONAL INSTITUTION AT PITTSBURGH, DEPARTMENT OF CORRECTIONS, Petitioner,**

**v.**

**Douglas ADAMSON, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 5, 1989.

Decided Dec. 14, 1989.

David B. Farney, Asst. Counsel, Camp Hill, for petitioner.

D. Keith Melenyzer, with him, Louann Petrucci Zemany, Melenyzer & Tershel, Charleroi, for respondent.

Before CRAIG, BARRY and SMITH, JJ.

SMITH, Judge.

The State Correctional Institution at Pittsburgh, Department of Corrections (Department) appeals from an order of the State Civil Service Commission (Commission) reinstating Douglas Adamson (Adamson) to his former position as Corrections Officer I, regular status, with backpay and emoluments. The decision of the Commission is reversed.

Adamson was terminated from his position as a Corrections Officer I for having violated Rules B–4, B–8, B–10, B–13 and B–20 of the Department's Code of Ethics as a result of his actions on August 15 and 16, 1988. The Commission found that on August 15, 1988, Adamson was assigned to guard an inmate at St. John's Hospital, Pittsburgh, Pennsylvania. Upon completing a second therapeutic walk with the inmate on August 15, Adamson secured the inmate in his leg irons but failed to remove the handcuff key from the leg irons. While Adamson was in an adjoining bathroom, the inmate was able to remove the leg irons, and on Adamson's return, the inmate jumped from his bed and left the room. Adamson pursued the inmate who was

ultimately apprehended by two nurses, a nurses' aide and Adamson.

Adamson failed to notify his supervisor of the inmate's escape attempt. He also failed to notify his relieving officer, who reported to work at 10:00 p.m., of the attempted escape. The Department was first notified of the escape attempt by hospital personnel at approximately 11:00 p.m. on August 15, 1988. It was not until Adamson reported to work at 2:00 p.m. the following day on August 16 and was questioned about the incident that he completed a written report of the escape attempt. Adamson received notice dated August 17, 1988 of an administrative hearing scheduled for August 22, 1988 on the incident. Thereafter, Adamson received a termination letter dated September 9, 1988 in which the Department retroactively terminated Adamson's employment effective 2:30 p.m., September 8, 1988. Adamson appealed the Department's decision to the Commission which by its order of April 27, 1989 reinstated Adamson to his position with backpay and emoluments less wages earned and benefits received. It is from this reinstatement order that the Department appeals to this Court.[1]

The issue before this Court is whether the record supports the charges set forth in Adamson's disciplinary notice of termination. The Code of Ethics violations charged against Adamson state in pertinent part as follows:

B-4: Each employee is to assist in preventing an escape or in pursuing an escapee as directed by the Superintendent or his designee.

B-8: Proper relief involves communicating any special observations or orders to the relief personnel.

B-10: All security keys issued to an officer or employee will remain in his possession at all times. Under no circumstances are keys ever to be unguarded, mislaid,

1. This Court's scope of review of a Commission order is limited to determining whether there has been a constitutional violation or an error of law and whether findings of fact are supported by substantial evidence on the record. *Turzai v. Pennsylvania Liquor Control Board,* 90 Pa.Commonwealth Ct. 374, 495 A.2d 639 (1985), *cert. denied,* 479 U.S. 914, 107 S.Ct. 315, 93 L.Ed.2d 289 (1986).

unaccounted for, taken from the institution, or turned over to an inmate.

B–13: Employees will promptly report to their supervisor any information which comes to their attention and indicates violation of the law, rules and/or regulations of the Department of Corrections by either an employee or an inmate and will maintain familiarity with the provisions of such directives.

B–20: An employee shall submit any necessary and/or requested reports in a timely manner and in accordance with existing regulations.

In order to support its personnel actions, the appointing authority must prove the charges set forth in the disciplinary action letter. *Jacobs v. Department of Public Welfare*, 32 Pa.Commonwealth Ct. 101, 377 A.2d 1289 (1977). This Court must examine the evidence to determine whether the Commission's findings are supported by substantial evidence in the record and must affirm the Commission's adjudication if a reasonable mind might make the same determination based on the evidence before the Commission. *Rizzo v. Civil Service Commission*, 17 Pa.Commonwealth Ct. 474, 333 A.2d 212 (1975). However, as held in *Omelchenko v. Housing Authority of the County of Lebanon*, 58 Pa.Commonwealth Ct. 494, 497, 428 A.2d 274, 275–276 (1981):

[i]f the charges on which a removal is based relate to the merits of the employee's work performance and if the charges are supported by the Commission's own findings, the Commission must uphold the appointing authority's disciplinary action. *Only if the charges are not made out, may the Commission modify the appointing authority's action by reinstating the employee....* (Emphasis added.)

By Adamson's own admission, he failed to remove a handcuff key from the set of leg irons which had been applied to the inmate under Adamson's custody. N.T., p. 74. There is no dispute whatsoever of the fact that Adamson did not notify the officer relieving him about the

inmate's attempted escape. N.T., pp. 53–54, 80. It was further established through testimony that Adamson did not report the incident to his supervisor and did not intend to inform him because the placement of an inmate in an outside hospital is, in Adamson's words, "always a high risk situation." N.T., p. 80. The final charge against Adamson which the Commission contends the appointing authority did not prove was Adamson's failure to submit requested reports in a timely manner and in accordance with existing regulations. The record indicates and the Department does not contest that the misconduct and extraordinary occurrence reports were filled out by Adamson the next day. N.T., pp. 78–79. Thus, upon review of the relevant Code of Ethics sections and the record, this Court finds that at least three of the five charges against Adamson have been made out which clearly relate to the merits of his work performance.

The Department also asserts that the record and the Commission's findings support just cause for Adamson's removal. Although the Department did not prove all of the charges contained in the termination letter, this Court has held that disciplinary actions may be sustained when proof of less than all the charges is made, so long as the sustained charges would amount to just cause. *Wagner v. Department of Transportation,* 76 Pa.Commonwealth Ct. 78, 463 A.2d 492 (1983). "Just cause" sufficient to support removal from employment has been consistently defined by this Court as conduct which is related to the employee's job performance and touches in some rational and logical manner upon the employee's competency and ability. *Doerr v. Pennsylvania Liquor Control Board,* 88 Pa.Commonwealth Ct. 610, 491 A.2d 299 (1985).

In response to the issues presented on appeal, Adamson asserts, inter alia, that the Department did not provide him with timely and factually sufficient notice of the charges so as to satisfy due process and Commission requirements. 4 Pa.Code, § 105.3; *Turzai v. Pennsylvania Liquor Control Board,* 90 Pa.Commonwealth Ct. 374, 495

A.2d 639 (1985), *cert. denied*, 479 U.S. 914, 107 S.Ct. 315, 93 L.Ed.2d 289 (1986); *Chavis v. Philadelphia County Board of Assistance*, 29 Pa.Commonwealth Ct. 205, 370 A.2d 445 (1977). The reasons advanced for the administrative hearing referred specifically to those aspects of Adamson's responsibilities in which he was found to be deficient. Notice to Adamson was framed in a manner which enabled him to discern the nature of the charges and to adequately prepare a defense. *Turzai; Chavis.* Adamson further asserts that the termination letter deprived him of timely notice of the charges. While the notice requirements of 4 Pa.Code § 105.1 are mandatory, failing to adhere to them is not grounds for automatic nullification of the personnel action. *Wood v. Department of Public Welfare*, 49 Pa. Commonwealth Ct. 383, 411 A.2d 281 (1980); 4 Pa.Code § 105.1(b). For these reasons, Adamson's assertions lack merit.[2]

Having found that the record supports violations of the Department's Code of Ethics which relate to Adamson's job performance and constitute just cause for termination, the decision of the Commission is reversed.

## ORDER

AND NOW, this 14th day of December, 1989, the decision of the Civil Service Commission is hereby reversed.

---

2. Adamson further asserts that the Department introduced facts in its brief which are not contained in the record. This Court has considered no evidence dehors the record in disposing of this appeal.