588 A.2d 1337

Terry C. BAKER, Petitioner,

v.

DEPARTMENT OF PUBLIC WELFARE, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 11, 1991.

Decided March 28, 1991.

608

Timothy W. Misner, Waynesboro, for petitioner.

Robert M. Miller, Harrisburg, for respondent.

Before DOYLE and BYER, JJ., and BARRY, Senior Judge.

DOYLE, Judge.

This is an appeal by Terry C. Baker from an order of the State Civil Service Commission (Commission) upholding the action of the Department of Public Welfare (Appointing Authority) in removing Baker from his position as Institutional Maintenance Supervisor I, regular status, on grounds of failure to provide adequate medical documentation in support of an alleged illness and working in another capacity during the period of alleged illness.

The Commission found that Baker was responsible for the supervision of other employees within the Maintenance Department. His hours of employment were Monday through Friday 7:30 a.m. to 3:30 p.m. Baker was on sick leave from August 8, 1989 through November 10, 1989.

The Appointing Authority has a policy which requires employees absent three or more days to provide medical documentation regarding the absence. The medical documentation must state that the employee has been absent due to illness and has been (or is) unable to work. The Commission specifically found that Baker was aware of this policy.

Initially Baker was asked, by letter dated October 24, 1989, to provide medical documentation. A letter from Baker's doctor was received by the Appointing Authority on November 8, 1989. It did not contain the required statement that Baker was unable to perform his duties. Accordingly, the Appointing Authority's personnel director wrote to the doctor seeking clarification. The doctor provided a second letter stating "I do not feel that Mr. Baker is limited in his physical capabilities to perform even heavy labor." The letter further stated:

Please bear in mind that the following statements are those of a cardiologist and not a psychiatrist. Mr. Baker verbalized to me that he was considering resigning from his job at South Mountain because of the stress factors eluded [sic] to above [referring to Baker's statements of extreme frustration and anger at work]. It was my opinion that the degree of difficulty in dealing with stress was deep-seeded [sic] and that quitting his job may not provide relief. My feeling is that he should seek psychiatric help.... However, in view of his refusal to consider such a proposal, I feel that a leave of absence for a couple of months may be beneficial.

The Commission found that this medical documentation was rejected by the Appointing Authority as being insufficient under its policy since there was no indication Baker could not perform his work duties.

The second reason given for Baker's removal was that he worked at supplemental employment while on sick leave. While the Appointing Authority had granted Baker permission to work the supplemental job, one condition was that he not do so during his working hours. During his period of sick leave, however, the Commission found that he

worked at his supplementary job driving a dump truck during what would have been his normal work hours with the Appointing Authority. Also the Commission found not credible Baker's claim that he could work the supplemental job because it was not stressful but could not work his Appointing Authority job because it was stressful. The Commission thus concluded that the Appointing Authority had proved both charges and upheld the removal. Appeal to this Court followed.

On appeal here Baker maintains (1) certain findings of the Commission are unsupported by substantial evidence (2) sick leave policies were not uniformly enforced and (3) the Commission's adjudication was invalid because it was not rendered within ninety days after the conclusion of the hearing. We shall consider these issues seriatim keeping in mind that our scope of review is limited to determining whether there is substantial evidence to support the Commission's findings and whether the Commission committed legal error or constitutional violations. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. Further, we are aware that the removal of a regular status employee may be effected only for just cause. Section 807 of the Civil Service Act, (Act) Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. § 741.807.

■ Initially Baker asserts that the Commission erred in finding that he was aware of the sick leave policies. While Baker did not admit to such knowledge, the Appointing Authority's personnel director testified that as a supervisor Baker was expected to be aware of the Appointing Authority's policies and that supervisors are provided instructions regarding their responsibilities to maintain attendance. We hold that the Commission in inferring from this evidence that Baker was aware of the policies committed no error. *See Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977) (party in whose favor the fact finding tribunal has found is entitled to benefit of all inferences that can logically and reasonably be drawn from the testimony).

■ Baker also asserts that the Commission erred in concluding that he had failed to provide any medical documentation until November 14, 1989. While we agree that the correct date was November 8, not November 14, the Commission's error is harmless because the removal was not due to providing *untimely* medical documentation, but was due to providing *inadequate* medical documentation.

■ Baker next contends that he could not force his doctor to write a letter which would satisfy the Appointing Authority's policies and, alternatively, the letter did satisfy the policies. No one suggests that Baker should have compelled his doctor to write an excuse to satisfy the Appointing Authority's policies. The point here is not that the *excuse* did not meet sick leave policy guidelines; rather, Baker's *condition* did not meet sick leave policy guidelines. As to the question of whether the letter was sufficient to justify Baker's continued absence from work, we must conclude that there was substantial evidence to support the Commission's findings that it was not.

■ Baker also contends that his supplementary employment should not have been a basis for his removal because this charge was not sufficiently set forth in his removal letter. We disagree. The letter pertinently provided:

> The reason for your removal is that you have been absent due to an alleged illness since August 9, 1989 and have failed to provide adequate medical documentation, although you were ordered to do so by letter dated October 24, 1989. Your absence since August 9, 1989 has therefore been charged as unauthorized without pay.

> Furthermore, as a result of an investigation conducted by the Office of the Inspector General into your absence due to alleged illness, it has been determined that you also were working in another capacity.

A removal letter need not be drafted with the certainty of a bill of indictment. *Chavis v. Philadelphia County Board of Assistance,* 29 Pa.Commonwealth Ct. 205, 370 A.2d 445

(1977). Due process is satisfied if the employee is informed within reasonable certainty of the substance of the charges so that he can discern their nature and prepare his defense. *Id.* We hold that the removal letter was adequate under *Chavis.*

■ Baker next argues that the level of discipline imposed upon him was inconsistent with the policy. The thrust of this argument is that Baker was discriminated against. He did not, however, as the Commission noted in sustaining an objection to Baker's inquiries on cross-examination, appeal his removal on the basis of discrimination pursuant to Section 951(b) of the Act[1] and, accordingly, this argument is waived. Even if, however, we were to consider this issue we would not be persuaded that discrimination occurred. The personnel director adequately explained that Baker was not considered a chronic sick leave abuser and, hence, provisions dealing with such individuals were not applicable to him.

■ Finally, we are faced with a statutory construction question of first impression. Does the Commission's failure to render its adjudication within ninety days of the conclusion of the hearing mean that its decision is invalid? The pertinent statutory provision, a recent amendment to the Act, appears in Section 952(a)[2] and reads as follows:

> Within ninety days after the conclusion of the hearing ... the commission shall report its findings and conclusions to those parties directly involved in the action.

The Commission has filed an amicus brief in this matter in which it asserts that the phrase "the conclusion of the hearing" should be read to mean the date upon which the record is closed. This would allow time for the filing of post-hearing briefs and transcription of the notes of testimony before the ninety day period begins to run. Such interpretation is certainly reasonable as the Commission

1. 71 P.S. § 741.951(b). Section 951(b) was added to the Act by Section 27 of the Act of August 27, 1963, P.L. 1257.
2. 71 P.S. § 741.952(a). Section 952(a) was added to the Act by Section 21 of the Act of June 26, 1989, P.L. 47.

could not in many instances act to "report its findings and conclusions" without having in its possession a transcribed record upon which to act.

We further believe, however, that even without this reading of the statute, the Commission's decision would be valid. This Court has previously held that statutes which seek to impose time limitations on adjudicating tribunals are directory only. *West Penn Power Company v. Pennsylvania Public Utility Commission*, 104 Pa.Commonwealth Ct. 21, 521 A.2d 75 (1987). Such an interpretation is not only logical but almost compelled because otherwise the parties would bear the consequences for the adjudicating body's tardiness. In the context of this appeal this would amount to a "deemed decision" with complete disregard for the merit concept which forms the cornerstone of civil service law. For example, an employee who was removed for attacking a co-worker might need to be reinstated because the Commission's adjudication was not timely rendered. And, from the other point of view, an employee denied a promotion because of racial or ethnic reasons would not be placed in the job because the Commission failed to act promptly. Such results would clearly be contrary to the Act's purpose of rendering personnel decisions on the basis of merit criteria. Accordingly, we conclude that the ninety-day provision in Section 952(a) must be read as directory and thus the adjudication is not invalid.

Having determined that the Commission committed no legal error and that its findings are supported by substantial evidence, we affirm its order.

## ORDER

NOW, March 28, 1991, the order of the State Civil Service Commission in the above-captioned matter is hereby affirmed.