IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Peter Sisofo,                          :
                    Petitioner        :
                                       :
          v.                           :   No. 1260 C.D. 2016
                                       :   SUBMITTED:  January 20, 2017
State Civil Service Commission         :
(Pennsylvania Department of            :
Transportation),                       :
                    Respondent        :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE JULIA K. HEARTHWAY, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
JUDGE HEARTHWAY              FILED:  May 4, 2017


          Peter Sisofo (Sisofo) petitions for review of the June 28, 2016,
adjudication and order of the State Civil Service Commission (Commission)
dismissing Sisofo's appeal and sustaining the Pennsylvania Department of
Transportation's (PennDOT) action suspending Sisofo for five days, without pay,
due to Sisofo's inappropriate behavior and safety violations.  We vacate and
remand.


          At all relevant times, Sisofo was employed with PennDOT as an
Assistant Highway Maintenance Manager at the Philadelphia County Maintenance
Unit.  (*See* Commission's Findings of Fact (F.F.) Nos. 1 & 3.)  By letter dated

April 6, 2015, PennDOT informed Sisofo that "an investigation to date of the incident described below has brought forth evidence to support the charge(s) of: 1. Inappropriate Behavior 2. Safety Violations 3. Threatening employees." (Reproduced Record (R.R.) at 316a.) There was no incident described below. The letter further informed Sisofo that a pre-disciplinary conference (PDC) was scheduled for April 9, 2015. The letter stated that the purpose of the meeting was to afford him an opportunity to discuss the allegations and to respond to them; that he would be asked to provide his account of the incident(s) and to offer any explanation, facts and evidence he wished to have considered before a final decision would be rendered; that he would have the opportunity to present any documentation he wished to have considered; and that discipline may or may not be imposed pending the outcome of the PDC. (R.R. at 316a.)

On April 9, 2015, Sisofo attended the PDC.[1] (*See* F.F. No. 52.) By letter dated September 1, 2015, PennDOT informed Sisofo that he was being suspended without pay from his position for a period of five days, effective September 14, 2015, due to "inappropriate behavior and safety violations." The letter further stated that the response Sisofo provided at the PDC was "not acceptable." The letter also notified Sisofo that this was a final warning, and that any subsequent offenses of a similar nature would result in termination. (R.R. at 317a.)

---

[1] The Commission states the PDC occurred on April 9, **2016**, which must be incorrect because it post-dates the hearing before the Commission; the notice itself says April 9, **2015**. (R.R. at 316a.)

Sisofo appealed to the Commission, and a hearing was held on December 8, 2015, at which Sisofo represented himself. PennDOT's evidence included the testimony of six witnesses who testified concerning various instances of alleged misconduct and the investigation by human resources. The testimony included five separate incidents. Although the record is unclear on the exact date of some of the incidents, each of them resulted in grievances being filed against Sisofo in October 2014, and it appears that each of the grievances was filed either the same day or in close proximity to the underlying event.[2] (F.F. Nos. 5, 16, 36, & 43; *see* F.F. Nos. 17, 37-38 & 41.) PennDOT also presented evidence concerning its investigation, which appeared to commence in October 2014.[3] Sisofo cross-examined each of PennDOT's witnesses. Sisofo also testified on his own behalf. (R.R. at 256a.) At various points throughout the hearing, Sisofo acknowledged he knew the charges, but he maintained the charges were an

---

[2] Equipment Operator Myseam White testified concerning an interaction with Sisofo on September 24, 2014, and stated he filed a grievance on October 7, 2014. (R.R. at 123a, 125a.) We note the Commission's Findings of Fact No. 17 contains a typographical error because it states this interaction occurred on September 24, **2015**. Additionally, Findings of Fact No. 37, consistent with Myseam White's testimony, states that a grievance was filed on October 7, **2014**, (R.R. at 125a) but states it concerned Sisofo's behavior on September 24, **2015**; it does not make sense that a grievance could predate the grieved behavior. Acting Assistant District Executive John Krafczyk testified concerning another event but did not give a date and it appears no grievance was filed in connection with that. (R.R. at 185a-86a.) Although the Commission discusses this event in its adjudication, it did not make any findings of fact concerning it.

[3] The Findings of Fact concerning PennDOT's investigation into the allegations cover a time period from October 9, **2015** through January 30, **2016**. (F.F. Nos. 42, 44-55.) However, Field Human Resource Officer Karen Brown referred to a meeting on November 18, **2014**, which was seemingly early on in the investigation. (R.R. at 144a.) Moreover, some of the dates simply do not make sense, because they post-date the hearing before the Commission. As already pointed out, the Commission's Findings of Fact appear to contain several typographical errors concerning the years in which certain events occurred. While this causes confusion, it does not prohibit our review.

3

"umbrella" and not specific, and he questioned how he would know how to respond to the charges. (R.R. at 250a-51a.) He further maintained that he was never informed why he was suspended other than the "the big umbrella; the inappropriate behavior and safety violations." (R.R. at 275a.)

On June 28, 2016, the Commission dismissed Sisofo's appeal, concluding that PennDOT established good cause for Sisofo's suspension. Sisofo now petitions this Court for review.[4]

Sisofo first argues that PennDOT failed to provide him with proper notice before suspending him without pay. Sisofo argues that Pennsylvania requires state employers to provide notice with a clear statement of the reasons before suspending their employees. Sisofo maintains that the notice must contain an explanation of the charges so he can know what charges he must defend against, and the notice must describe the incident(s) leading to the suspensions.[5] Sisofo maintains that because the notice merely listed charges of misconduct, the notice was insufficient. Sisofo also maintains that he was similarly denied a meaningful opportunity to contest his suspension at the hearing on December 8, 2015, because

_____

[4] This Court's scope of review is limited to determining whether constitutional rights have been violated, whether errors of law have been committed, or whether the findings of the Commission are supported by substantial evidence, and where appropriate, consideration of the regularity of practice and procedure of the Commission. *Bosnjak v. State Civil Service Commission*, 781 A.2d 1280 (Pa. Cmwlth. 2001).

[5] Sisofo maintains that PennDOT's Policy #D6-14-01 (Policy) mandates the use of standard notification letters in the event of suspension and further maintains that these standard letters require PennDOT to "specifically describe the incident that is leading to the suspension." (Sisofo's brief at 14.) We may not consider this Policy, however, because it was not introduced as evidence before the Commission and it is not part of the Certified Record; even if it had been, we would not be bound by this Policy as it does not have the force and effect of law.

4

the suspension notice merely listed charges and failed to include any specific description of the particular incidents that led to his suspension. Sisofo also maintains that his confusion was compounded, because while the PDC listed three charges, he was being suspended based on two charges. Sisofo maintains that when he appealed his suspension, PennDOT submitted evidence concerning at least four discrete incidents and that he was not equipped to defend against these allegations.

PennDOT does not dispute that due process requires notice and a hearing prior to suspension without pay, but maintains that the formality and procedural requisites may vary depending upon the importance of the interests involved and the nature of subsequent proceedings. PennDOT maintains that Sisofo's argument ignores the process, in particular, the PDC which Sisofo attended, and the post-disciplinary hearing, in which Sisofo attended and participated.

Section 950 of the Civil Service Act[6] requires that the employee be provided with written notice of any personnel action. 77 P.S. § 741.950; *see also* 4 Pa. Code § 105.1. Further, the regulations of the Commission, in the case of suspension of a regular employee, require that advance written notice be given to the affected employee, *see* 4 Pa. Code § 105.1, and that such written notice "include a clear statement of the reasons therefore, sufficient to apprise the employee of the grounds upon which the charges are based." 4 Pa. Code § 105.3; *see also Chavis v. Philadelphia County Board of Assistance, Department of Public*

---

[6] Act of August 5, 1941, P.L. 752, *as amended*, 77 P.S. §§ 741.1 - 741.1005.

5

*Welfare*, 370 A.2d 445, 447 (Pa. Cmwlth. 1977). "The purpose of the notice requirement is to satisfy due process by affording an employee reasonable notice of the charges against him so that he will have sufficient opportunity to answer the charges and contest his removal." *Woods v. State Civil Service Commission*, 912 A.2d 803, 811–12 (Pa. 2006). "For such notice to be adequate, it must at the very least contain a sufficient listing and explanation of any charges so that the individual involved can know against what charges he must defend himself if he can." *Id*. at 812 (quotation marks and citation omitted). While a "notice need not be drafted with the certainty of a bill of information, … it must be framed in a manner which enables the employee to discern the nature of the charges and adequately to prepare a defense." *Bosnjak v. State Civil Service Commission*, 781 A.2d 1280, 1284 (Pa. Cmwlth. 2001); *see also Chavis*, 370 A.2d at 447.

In *Chavis*, we held that a notice was deficient because it was retroactive, and also found a "more serious defect" in the content of the notice. *Chavis*, 370 A.2d at 447. The notice listed the reasons for the employee's demotion and removal from his position as:

> Falsification of official documents and records; concealment of material fact by omission and without adequate justification; failure to be at work on tasks assigned; gross negligence resulting in monetary loss to Commonwealth and Welfare Recipients; neglect of duty; failure to comply with job instruction resulting in service delayed or not delivered; failure to observe the client's rights.

*Id*. We held that the reasons listed in the notice were much too general to allow the employee to prepare an adequate response. We stated that a listing of specific

6

incidents may be unnecessary but stated that the reasons listed should at least refer to those specific aspects of the employee's responsibility in which he was found deficient and should identify the deficiencies with much more particularity than was done. Therefore, we reversed the Commission's order and remanded the matter for another hearing; we directed the appointing authority to provide a new notice prior to the hearing.

Similarly, here, the content of the notice to Sisofo was too general to allow Sisofo to prepare an adequate response. This is particularly so where there were multiple events serving as the basis for the charges and the events occurred several months prior to PennDOT issuing the notice. As stated in *Chavis*, while a listing of the specific incidents on which the charges are based may be unnecessary, the notice should have identified the grounds with much more particularity. In other words, it should have provided an "explanation" of the charges. *See Woods*. Simply put, the notice failed to include "a clear statement of the reasons," as required by the Commission's regulations.[7] *See* 4 Pa. Code § 105.3.

We acknowledge the post-disciplinary process after the suspension; however, that does not cure the defect here. The September 1, 2015, notice informed Sisofo only that he was being suspended without pay from his position for a period of five days due to his "inappropriate behavior and safety violations."

---

[7] *Compare Bosnjak* (finding notice was sufficient where it informed employee of the specific section of the employer's code of ethics which he was alleged to have violated, and of the manner in which the alleged violations occurred).

It, too, failed to provide "a clear statement of the reasons for the charges," and therefore, was similarly deficient. *See Chavis*. At the hearing, PennDOT presented evidence of several distinct events, yet the notice failed to provide a single detail concerning any of these events on which the charges were based to enable Sisofo to discern the nature of the charges and adequately prepare a defense.[8]

Accordingly, for the foregoing reasons, we must conclude the notice provided to Sisofo was insufficient. While the notice requirements are mandatory, the failure to adhere to them is not grounds to automatically nullify the personnel action. *Bosnjak*. Therefore, similar to *Chavis*, we vacate the order of the Commission and remand the case for another hearing.[9] Prior to the hearing, the Commission shall direct PennDOT to provide Sisofo with notice clearly stating the specific reasons for his suspension.

_____
JULIA K. HEARTHWAY, Judge

---

[8] We reject PennDOT's argument that due process, and in particular, the notice requirement, was satisfied by Sisofo's participation in the PDC and post-suspension hearing before the Commission. PennDOT points out Sisofo had advance notice of the witnesses to be called by PennDOT. This simply does not satisfy the requirement of advance written notice setting forth a clear statement of the reasons for the employer's action. *See* 4 Pa. Code §§ 105.1 & 105.3, *Chavis*.

[9] Because of our disposition, it is not necessary to address the other issues Sisofo raises.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Peter Sisofo,                             :
                    Petitioner            :
                                          :
          v.                              :   No. 1260 C.D. 2016
                                          :
State Civil Service Commission            :
(Pennsylvania Department of               :
Transportation),                          :
                    Respondent            :

# O R D E R

AND NOW, this 4th day of May, 2017, the order of the State Civil Service Commission (Commission) in the above-captioned matter is hereby vacated and this case is remanded to the Commission for another hearing. Prior to this hearing, the Commission shall direct the appointing authority, the Pennsylvania Department of Transportation, to provide Peter Sisofo with notice clearly stating the specific reasons for his suspension as outlined in this opinion.

Jurisdiction relinquished.

_____
JULIA K. HEARTHWAY, Judge