Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Elba DiMarco, Appellant.

Argued March 4, 1976, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*Elba DiMarco,* appellant, for herself.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., April 13, 1976:

Elba DiMarco (Claimant) appeals the Unemployment Compensation Board of Review's (Board) order affirming the referee's decision and order denying her benefits on the basis of voluntarily leaving her work without a cause of necessitous and compelling nature.[1] We find merit in this appeal and reverse.

Claimant was last employed as a decorator by ASAM Brothers on September 9, 1974. On that date Claimant requested a change in her working schedule for Friday, September 13 and Saturday, September 14, so that she might attend a wedding in another city. Initially, her employer approved the requested time off, but later that same day Claimant was notified that the requested change in schedule could not be accommodated. On September 10, Claimant again telephoned the employer to request the time off. The request was again refused and the employer then informed Claimant "not to bother returning to work." On September 11 Claimant received a telephone call from Marion Asam, the store manager's wife, requesting that she return to work. Claimant did not return to work because she did not consider the request from her manager's wife a "bona fide" request to return.

---

1. Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

The sole issue for our determination is whether the request from the store manager's wife to return to work, following a dismissal by the employer, can be considered a bona fide offer to return to work, which if refused, would justify a finding of a voluntary quit without cause of a necessitous and compelling nature.

Claimant's brief points us to the following facts of record in support of her contention that she had no reason to rely on the validity of Marion Asam's request to return to work.

"The [Claimant] was hired by Victor Asam and later discharged by him on September 10, 1974. During the course of [Claimant's] employment, her directives and work schedules were set forth by Victor Asam. The [Claimant] did not receive commands from Marion Asam at any time during her employment. Marion Asam's sole status was that of an employee without any supervisory authority. Marion Asam's conduct in regard to the [Claimant's] employment was not so similar to or incidental to the conduct she was authorized to perform. The evidence does not support a finding that Marion Asam on the occasion in question could make a bona fide offer for employment. In addition, the record is absent any evidence that Marion Asam was acting as an agent of Victor Asam in contacting the [Claimant]. In fact, the [Claimant] asked Marion Asam if she could speak with Victor Asam. Victor Asam did not respond to the [Claimant's] request. . . ."

Our review of the record convinces us that this final request to return to work was not that type of request which would lead an employee, recently fired, to believe that the job position was once more available. In these circumstances, that final request's legal consequence must be vitiated, thus making a finding of a *voluntary* termination impossible. In fact, the termination was not volun-

tary and was governed by the employer's directive that Claimant not return to work.

A denial of benefits pursuant to Section 402(b)(1) is not legally justified by the record and as such, we must

ORDER

AND NOW, this 13th day of April, 1976, the order of the Unemployment Compensation Board of Review is hereby reversed and benefits are to be awarded according to law.