523 A.2d 834

Norbert Malloy, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 6, 1987, to Judges Mac-Phail, Doyle and Barry, sitting as a panel of three.

*James R. Fitzgerald,* for petitioner.

*Jonathan Zorach,* Associate Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

Opinion by Judge MacPhail, April 6, 1987:

Norbert Malloy (Claimant) petitions for our review of an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision denying benefits. We affirm.

The referee made the following findings of fact, which were adopted by the Board:

1. The claimant was last employed by Duffy Assoc. for 19 years as a service representative at a final pay rate of $7.48 per hour, and his last day of work was February 12, 1985.

2. On February 12, 1985 the claimant reported to Forbes Semple Garage to complete a job he had started the previous day.

3. On February 12, 1985 the claimant had a conversation with a salesman who was the son of

the owner of the company and which salesman sometimes directed the claimant in his work.

4. The salesman questioned the claimant as to why he was at the garage and had not reported to the employer's work site that morning.

5. The salesman told the claimant to finish the rest of his calls and to report to his office at 5:00 p.m. to talk about the matter; the salesman did not dismiss the claimant, nor did he tell the claimant to return his tools or equipment.

6. At approximately 11:30 a.m. on February 12, 1985 the claimant reported to the employer's office and told the secretary-treasurer of the corporation, who was also the mother of the salesman, that her son had fired him.

7. The secretary-treasurer told the claimant that her son did not have the authority to fire anyone and the secretary-treasurer also told the claimant to finish his calls and to return at 5:00 p.m. to see her husband, who was the owner of the company.

8. The claimant refused to remain in the office and left the premises and terminated his employment.

9. Continuing work was available for the claimant had he desired to continue in his employment.

Our scope of review is limited to determining whether constitutional rights were violated, errors of law were committed or necessary findings of fact are not supported by substantial evidence. *Turzai v. Unemployment Compensation Board of Review,* 102 Pa. Commonwealth Ct. 645, 519 A.2d 567 (1986).

Claimant argues that the referee erred in concluding that Claimant must be denied benefits because he voluntarily left his work without cause of a necessitous and

compelling nature.[1] Claimant bases this argument on the fact that the salesman who allegedly fired Claimant did not testify at the referee's hearing. The salesman's comments to Claimant over the telephone were testified to by Claimant and by another employee who was in the office with the salesman. Basically, Claimant asserts that there was a lack of substantial evidence upon which the referee could base a finding that the salesman did not fire him.[2]

We find it unnecessary to determine if this finding of fact is supported by substantial evidence, because it is not essential to the referee's determination.

An unemployment compensation benefits claimant alleging that he did not quit, but instead was discharged, bears the burden of proving that contention. *Perry v. Unemployment Compensation Board of Review*, 74 Pa. Commonwealth Ct. 388, 459 A.2d 1342 (1983). In the case at bar, it is uncontroverted that the secretary-treasurer of the employer told Claimant several hours after Claimant asserts he was fired that her son did not have the authority to fire anyone. It is also uncontroverted that the secretary-treasurer told Claimant to talk later in the day with her husband, who is the owner of the company which employed Claimant. With these facts firmly established, it would be impossible for Claimant to prove that he was discharged. Even if the owner's son had told Claimant he was fired, Claimant was told shortly thereafter by an official of the employer that the owner's son did not have the authority to fire.

---

[1] Section 402(b) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b) states in pertinent part that "[a]n employe shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . ."

[2] Finding of Fact No. 5.

Claimant nevertheless decided to leave his job. Claimant at that point must be considered to have made a voluntary decision to terminate his employment.

Nor can Claimant succeed on the theory that the son's remarks provided him with a necessitous and compelling reason to voluntarily quit. An unemployment compensation claimant must establish that he acted with ordinary common sense in quitting his job, that he made a reasonable effort to preserve his employment and that he had no other real choice than to leave his employment. *Stiffler v. Unemployment Compensation Board of Review,* 64 Pa. Commonwealth Ct. 44, 438 A.2d 1058 (1982). To be considered a "good cause" the cause must result from circumstances which produce pressure to terminate the employment that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner. *Swires v. Unemployment Compensation Board of Review,* 83 Pa. Commonwealth Ct. 367, 477 A.2d 593 (1984).

Claimant clearly does not meet these criteria. It would have been reasonable for him to talk with the owner of the company in an effort to preserve his employment. A reasonable person would have stayed to talk with the owner. Claimant did have another choice than to leave his employment.

Our research has yielded but one case which is factually similar: *Unemployment Compensation Board of Review v. DiMarco,* 24 Pa. Commonwealth Ct. 328, 355 A.2d 594 (1976). In that case this Court held that a request by the employer's wife, whose sole status was that of an employee with no supervisory authority, that an unemployment compensation claimant who had recently been fired return to work, was not sufficient to lead the claimant to believe that the job position was once more available. The Court concluded that the legal con-

sequences of the wife's request were vitiated and a finding of voluntary termination was impossible.

In the case at bar, the employer's wife had been the secretary-treasurer of the company for ten years.[3] During that time she had had the opportunity to supervise Claimant concerning the filing of his service reports.[4] We feel that the statement of the employer's wife to Claimant was sufficient in this case to lead Claimant to reasonably believe that his job position was still available to him.

We conclude that Claimant voluntarily quit his job without necessitous and compelling cause and, hence, must be denied benefits. The Board's order must be upheld.[5]

### ORDER

The order of the Unemployment Compensation Board of Review affirming a referee's decision which denied benefits to Norbert Malloy is hereby affirmed.

---

[3] Notes of Testimony from March 29, 1985 (N.T.) at 15, Reproduced Record (R.R.) at 15a.

[4] N.T. at 14-15, R.R. at 14-15.

[5] Claimant also argues that this case should be remanded in order to allow Dan Duffy, the individual who Claimant avers fired him, to testify concerning the telephone conversation he had with Claimant. Because we conclude that whether or not Dan Duffy told Claimant he was fired is not essential to a determination that Claimant should be denied benefits, a remand would serve no purpose.