**Brenda UNANGST, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 27, 1996.
Decided March 13, 1997.

Richard J. Orloski, Allentown, for petitioner.

Norina K.S. Stone, Assistant Counsel, and Clifford F. Blaze, Deputy Chief Counsel, Harrisburg, for respondent.

Before DOYLE and LEADBETTER, JJ., and MIRARCHI, Jr., Senior Judge.

LEADBETTER, Judge.

Brenda Unangst (claimant) petitions for review of an order of the Unemployment Compensation Board of Review (Board) which affirmed the decision of the referee to deny claimant's petition for unemployment compensation benefits pursuant to Section 402(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b). The question presented on appeal is whether claimant voluntarily terminated her employment for cause of a necessitous and compelling nature. We affirm.

Claimant was employed as a bank teller supervisor for First Valley Bank (employer). In December 1995, claimant took an approved medical leave of absence. While claimant was away on medical leave, employer announced a restructuring plan following its merger with the Summit Bank. Employer offered claimant and other employees a severance package pursuant to employer's plan known as "Termination Payment Plan for Displaced Employees". Despite being offered this package, claimant believed that continuing work would be available to her.

Claimant was released to return to work without any restrictions by her physician as of March 29, 1996. On March 28, 1996, prior to returning to work, claimant submitted a written resignation. Claimant was unwilling to maintain the employment relationship because she believed that employer had substantially increased her job responsibilities. Consequently, claimant elected voluntarily to terminate her employment and accepted employer's severance package.

Claimant filed for unemployment compensation benefits. Although employer did not oppose her claim, the Job Center denied benefits. Claimant appealed this decision. Claimant was the only party to appear at the hearing; she was not represented by counsel.[1] Following the hearing, the referee concluded that claimant had voluntarily terminated her employment without compelling and necessitous cause. The referee reasoned that claimant accepted the severance package based upon her speculation regarding the effects of the restructuring and without concrete indications that her job would be eliminated or displaced. Claimant's concerns about increased responsibilities were characterized as mere dissatisfaction with working conditions that did not constitute necessitous and compelling cause to sever the employment relationship.

Claimant appealed to the Board. Attached to the appeal petition was a letter addressed to the Board from Brian Allebach, First Valley Bank's Regional Employment Manager, stating: "Please be advised that First Valley Bank does not contest Brenda's application for benefits because the duties of her position at the bank changed significantly. As a result, the bank offered Brenda a severance package, which she accepted." First we must note that employer supports claimant's application for unemployment compensation benefits. Even though there is no dispute between claimant and employer, unemployment compensation benefits are available only when the law allows. Employer and employee cannot agree that the latter receive benefits when the law precludes such benefits. *Sill–Hopkins v. Unemployment*

---

1. Although Employer had been notified of the hearing, Employer did not participate.

*Compensation Bd. of Review,* 128 Pa. Cmwlth. 506, 563 A.2d 1288, 1289 (1989). *See also Warner Co. v. Unemployment Compensation Bd. of Review (Gianfelice Unemployment Compensation Case),* 396 Pa. 545, 554, 153 A.2d 906, 911 (1959). In other words, in spite of employer's position, claimant was still required to prove she was entitled to benefits under the law.[2] The Board affirmed the denial of benefits on the basis of the referee's decision. This appeal followed.

On appeal, claimant contends that the Board erred in concluding that she voluntarily terminated her employment without cause of a compelling and necessitous nature. Claimant argues that her decision to accept a severance package and resign from her position was for compelling and necessitous cause because employer unilaterally changed her position by increasing her job responsibilities.[3]

This Court has previously stated that:

A claimant who voluntarily terminates employment bears the burden of proving that necessitous and compelling reasons motivated that decision in order to be eligible for unemployment compensation benefits. Whether an employee had cause of a necessitous and compelling nature is a legal conclusion drawn from a review of the findings of fact and is subject to appellate review. An employer may make a reasonable modification in job assignments, but a substantial unilateral change in an employment agreement renders a job unsuitable. Section 402(b) of the Law focuses on the impact that a change has upon an employee and not the employer's reasons for making the change.

*Accu-Weather, Inc. v. Unemployment Compensation Bd. of Review,* 160 Pa.Cmwlth. 307, 634 A.2d 818, 820 (1993) (citations omitted). Necessitous and compelling reasons for terminating a work relationship result from "circumstances which produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner." *Taylor v. Unemployment Compensation Bd. of Review,* 474 Pa. 351, 359, 378 A.2d 829, 832–833 (1977). "An unemployment compensation claimant must establish that he acted with ordinary common sense in quitting his job, that he made a reasonable effort to preserve his employment and that he had no other real choice than to leave his employment." *Malloy v. Unemployment Compensation Bd. of Review,* 105 Pa.Cmwlth. 183, 523 A.2d 834, 836 (1987).

The record reveals that claimant was somewhat uncertain about what the future conditions of her job would be due to the restructuring (N.T. at 7), but she also provided some specifics about her additional responsibilities. Claimant testified that she held the position of Teller Supervisor at First Valley Bank. (N.T. at 3). Claimant met with her Human Resources Manager in March of 1996 and "was told that my position would change drastically and with a lot more responsibility and basically they're taking a Manager out of the office and that would mean more work for me...." (N.T. at 7). Claimant said the bank was "doing a lot of switching around" of personnel. (*Id.*) "Since March now they took—taken the Branch Manager out of the office and made it just— the Assistant Manager is now the Manager and the Teller Supervisor. There is only two of us now." (*Id.*) "[N]ow you're supposed to be like the Supervisor and counsel people, do their total evaluations themselves, do the interviewing yourselves, do all of that." (N.T. at 3). "I told the Manager I was taking stuff home with me to begin and if they took somebody else out of the office that's only

---

2. We recognize the potential for misunderstanding which could arise in a claimant's mind, particularly one who is not represented by counsel, when his or her employer does not oppose the claim for unemployment compensation benefits. Nonetheless, the record reflects that in this case claimant fully explained her concerns regarding her change in responsibilities.

3. Where, as here, the party with the burden of proof was the only party to present evidence and did not prevail, this Court's scope of review is limited to determining whether claimants' constitutional rights were violated, whether the Board committed an error of law and whether the Board capriciously disregarded competent evidence in the record. *Speck v. Unemployment Compensation Bd. of Review,* 680 A.2d 27, 29 n. 2 (Pa.Cmwlth.1996).

more work I'm going to have to do. They didn't compensate me at all, they didn't give me any extra help, no extra tellers, no extra pay, no nothing." (N.T. at 13). Claimant further said that voluntary overtime was available to her, "but they didn't want you to have [it]." (*Id.*)

We cannot agree that claimant failed to provide any facts and details to support her contention; indeed, claimant provided substantial evidence that her responsibilities would increase. However, we must agree that her fears concerning the *amount* of additional work which would result from her increased supervisory responsibilities was largely speculative at the time she resigned. She never actually attempted the new position and thus never determined how the overall workload would be absorbed among the remaining staff. Therefore, claimant failed to prove that the job modifications were unreasonable and rose to the level of circumstances which would compel a reasonable person to terminate employment. Accordingly, we agree with the Board's conclusion that claimant failed to prove cause of a necessitous and compelling nature to voluntarily terminate her employment.

█ Finally, we address briefly claimant's assertion that her right to due process was violated. In perfunctory fashion, she asserts that the referee who conducted the evidentiary hearing was not neutral and detached and that he turned a "non-advocated" proceeding into an adversarial proceeding for the sole purpose of denying her claim. The basis of her claim is that the referee "cross-examined" her during the hearing. Claimant failed to raise this issue in her statement of questions involved on appeal; therefore, it is waived. Pa. R.A.P. 2116; *Coraluzzi v. Commonwealth,* 105 Pa.Cmwlth. 305, 524 A.2d 540 (1987). Even if there had been no waiver, our review of the record reflects that the contention lacks merit. It is proper for the referee to ask questions of a claimant during an unemployment appeal hearing in order to develop the facts when, as here, the questions asked were pertinent and relevant to claimant's case. *See* 34 Pa.Code § 101.21(a).

Accordingly, we affirm.

*ORDER*

AND NOW, this 13th day of March, 1997, the order of the Unemployment Compensation Board of Review dated July 8, 1996, is hereby affirmed.