IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Fahnestock,                          :
                          Petitioner      :
                                          :
          v.                              :
                                          :
Unemployment Compensation                 :
Board of Review,                          :    No. 110 C.D. 2020
                          Respondent      :    Submitted: September 15, 2020


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE J. ANDREW CROMPTON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON            FILED: October 1, 2020


          Mark Fahnestock (Claimant) petitions for review from the January 17,
2020 order of the Unemployment Compensation Board of Review (Board) that
affirmed the Referee's decision finding him ineligible for unemployment
compensation benefits. The Board concluded that Claimant was ineligible for
benefits because he failed to meet his burden of showing that he terminated his
employment for a necessitous and compelling reason pursuant to Section 402(b) of
the Unemployment Compensation Law (Law).[1] Discerning no error by the Board,
we affirm.

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §
802(b). Section 402(b) provides that a claimant is ineligible for compensation if his unemployment
is due to his voluntarily leaving employment without cause of a necessitous and compelling nature.
*Id.*

On October 31, 2017, Eagle Express Lines, Inc. (Employer) hired Claimant as a full-time truck driver. Board Findings of Fact (F.F.___) 1; Certified Record (C.R.) Item. No. 17, Transcript of Testimony (T.T. at ___) dated 10/29/19 at 4. Initially, Claimant started his shift at 6:30 a.m. at Employer's facility in Lancaster, Pennsylvania. F.F. 2; T.T. at 5. In July 2019, Employer notified Claimant that, beginning on August 16, 2019, he would start his shift at 5:00 a.m. at its facility in Harrisburg, Pennsylvania. F.F. 3; T.T. at 5.

On August 16, 2019, Claimant arrived at Employer's Harrisburg facility, retrieved a truck, and unsuccessfully looked for an empty trailer. F.F. 4; T.T. at 8. Claimant then drove to Employer's Lancaster facility hoping he would find an empty trailer there. F.F. 5; T.T. at 9. Claimant's supervisor called him and was upset that Claimant left the Harrisburg facility without a trailer. F.F. 6; T.T. at 8. Claimant complained to his supervisor that no trailers were available, requested that a higher supervisor contact him, and hung up his phone. F.F. 7; T.T. at 8. A higher supervisor called Claimant, and Claimant expressed concern that changing the starting point of his route and not having an empty trailer available would prevent him from completing his route within his legally limited schedule.[2] F.F. 8; T.T. at 8. The higher supervisor notified Claimant that the other supervisor wrote him up for insubordination for hanging up on her. F.F. 9; T.T. at 8. Claimant notified the higher supervisor that he could not work the Harrisburg route and requested that he be able to return to work that dispatched from Lancaster. F.F. 10; T.T. at 8. The higher supervisor advised Claimant that his route was not going to change back to

---

[2] By law, Claimant had to complete his drive within 14 hours and could only drive 11 hours total. *See* 49 C.F.R. § 395.3(a) (providing that a commercial driver may drive up to 11 hours in a 14-hour work period before having a 10-hour break).

the 6:30 a.m. start time in Lancaster, as the company wanted the "changes to the run" and "there was no other way." F.F. 9; T.T. at 8.

Two days later, on August 18, 2019, Claimant applied for unemployment compensation benefits and the Department of Labor and Industry (Department) issued a notice of determination finding him ineligible for benefits pursuant to Section 402(b) of the Law, 43 P.S. § 802(b). C.R. Item No. 6, Notice of Determination dated 9/13/19 (Notice of Determination) at 1. Claimant appealed the Department's decision to the Referee, who held a hearing on the matter. At the hearing, Claimant was represented by counsel and testified on his own behalf. T.T. at 1-2. Employer did not appear at the hearing or present any evidence. *Id.*

After the hearing, the Referee issued a decision and order affirming the Department's decision finding Claimant ineligible for benefits. Referee's Decision/Order dated 10/31/19 (Referee's Decision) at 1. The Referee found Claimant's testimony not credible to the extent Claimant argued that he was discharged or "about to be discharged" for insubordination. *Id.* at 2. The Referee further rejected Claimant's assertion that his travel time would total more than 14 hours in violation of the legal limit because "[t]here was no indication that the Claimant worked his full scheduled shift on August 16, 2019, and he admittedly quit at some point in the middle of his shift." *Id.* at 2. The Referee explained that "Employer has the right to make reasonable modifications to an employee's work duties." *Id.* at 2. Based on the evidence presented, the Referee concluded that the Employer's start time and change in location were not a "substantial unilateral change" to Claimant's working conditions, and that Claimant provided only "personal reasons for refusing to accept the new time and starting point." *Id.* at 2-3. Claimant appealed the Referee's decision to the Board, which affirmed.

3

In affirming the Referee, the Board concluded that Claimant did not credibly establish a necessitous and compelling reason for terminating his employment. Board's Opinion dated 1/17/20 (Board's Opinion) at 3. The Board found that Claimant's employment was voluntary and that he quit because his route changed. *Id*. at 2. The Board explained,

> [t]he crux of . . . [C]laimant's complaint was not that he had a longer commute to work, but rather that, with his route starting from a different point, he no longer could drive his route in the legally limited schedule, which was compounded by the lack of an empty trailer in Harrisburg.
>
> [C]laimant has not credibly established that changing the starting point of his route so materially altered his work that he could no longer legally complete it. . . . [C]laimant's one-time difficulty finding an empty trailer in Harrisburg also does not help him meet his burden because he did not advise [] [E]mployer of his inability to find a trailer in Harrisburg while he was in Harrisburg. . . . [C]laimant, on his own motivation, returned to Lancaster to find an empty trailer.

*Id*. at 2-3. Claimant now petitions this Court for review.[3]

To be eligible for unemployment compensation benefits upon voluntarily leaving work, a claimant must prove that he had cause of a necessitous and compelling nature to leave his employment. *Watkins v. Unemployment Comp. Bd. of Review*, 65 A.3d 999, 1004 (Pa. Cmwlth. 2013); *Solar Innovations, Inc. v. Unemployment Comp. Bd. of Review*, 38 A.3d 1051, 1056 (Pa. Cmwlth. 2012). To meet this burden, a claimant must show that

---

[3] This Court's review is limited to determining whether constitutional rights were violated, whether errors of law were committed, and whether findings of fact are supported by substantial evidence. *Procito v. Unemployment Comp. Bd. of Review*, 945 A.2d 261, 262 n.1 (Pa. Cmwlth. 2008). In unemployment compensation proceedings, the Board is the ultimate finder of fact. *Sipps v. Unemployment Comp. Bd. of Review*, 181 A.3d 479, 484 (Pa. Cmwlth. 2018).

(1) circumstances existed which produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and (4) the claimant made a reasonable effort to preserve [his] employment.

*Solar Innovations, Inc.*, 38 A.3d at 1056 (citing *Brunswick Hotel & Conference Ctr., LLC v. Unemployment Comp. Bd. of Review*, 906 A.2d 657, 660 (Pa. Cmwlth. 2006)). The determination of whether a claimant had a necessitous and compelling reason for quitting is a legal conclusion subject to this Court's plenary review. *Craighead-Jenkins v. Unemployment Comp. Bd. of Review*, 796 A.2d 1031, 1033 (Pa. Cmwlth. 2002).

Claimant asserts that he had a necessitous and compelling reason to terminate his employment because Employer "substantially changed the conditions" of his position "by altering the start location/start time and increasing the hours of the job," which placed him in jeopardy of violating the laws that govern the maximum hours he could work. Claimant's Brief at 8, 12. Claimant argues that he attempted to address these concerns with Employer, but Employer refused to do so. *Id*. Claimant further states that

> [w]hen [he] . . . attempt[ed] to perform the Harrisburg run on the one occasion, he was unable to meet [] Employer's timeline and, as a result of attempting to address this with [] Employer, was disciplined. Based on these circumstances, [Claimant] quite reasonably felt that he had no choice but to resign.

*Id*. at 12-13. Though Claimant contends that he attempted to meet Employer's timeline, the record does not support this assertion.

5

Claimant did not offer evidence to prove that he finished, or even tried to finish, driving the entire route from Harrisburg. Claimant testified:

> When my route was started in Lancaster, it was actually hard to complete . . . within our legal 14-hour day of working–11 hours of drive time and 14 hours total on duty and drive [sic]. I told [the supervisors] that starting in Harrisburg would . . . be adding time to the route and *make it harder to complete it on time and if not impossible to complete it within a 14-hour day*. It was a route that was driving 600 plus miles a day with 5 stops, so it was a long enough day starting in Lancaster and by [Employer] changing it, [Employer was] making *it almost impossible* for me to do starting in Harrisburg.

T.T. at 6 (emphasis added). Claimant testified that "I had no choice but to resign because the new schedule was not possible for me to do." *Id*. at 7.

It is well established that an employer is entitled to modify employment specifications with regard to time, place, and manner. *Monaco v. Unemployment Comp. Bd. of Review*, 565 A.2d 127, 129 (Pa. 1989). The only restriction on that privilege is that an employer act reasonably and in good faith. *Id*. An employee must abide by the employer's decision to change the conditions of employment where reasonable. *Donaldson v. Unemployment Comp. Bd. of Review*, 496 A.2d 1370, 1372 (Pa. Cmwtlh. 1985). It is also true, however, that "an employer's imposition of a substantial unilateral change in the terms of employment constitutes a necessitous and compelling cause for an employee to terminate his employment." *Morgan v. Unemployment Comp. Bd. of Review*, 108 A.3d 181, 187 (Pa. Cmwlth. 2015) (brackets omitted). Whether a change is "so substantial as to warrant necessitous cause for terminating employment" must be determined on a case by case basis. *Brunswick Hotel*, 906 A.2d at 660. Substantiality is measured by the impact on the employee and whether the change involves any real difference in

6

employment conditions. *See Yingling v. Unemployment Comp. Bd. of Review*, 228 A.3d 289, 298 (Pa. Cmwlth. 2020) (citing *McCarthy v. Unemployment Comp. Bd. of Review*, 829 A.2d 1266, 1272 (Pa. Cmwlth. 2003)). A claimant must "prove that the job modifications were unreasonable and rose to the level of circumstances which would compel a reasonable person to terminate employment." *Unangst v. Unemployment Comp. Bd. of Review*, 690 A.2d 1305, 1308 (Pa. Cmwlth. 1997); *see also McKeown v. Unemployment Comp. Bd. of Review*, 442 A.2d 1257, 1258 (Pa. Cmwlth. 1982) (providing that the claimant must show "not only that his working conditions have changed but also that the change was unreasonable").

Here, Claimant failed to prove that Employer's job modifications were unreasonable or rose to the level of circumstances that would compel a reasonable person to terminate his employment. Claimant did not offer any evidence showing that the route starting from Harrisburg earlier, rather than Lancaster later, was any longer or could be problematic with the legal limit. While Claimant testified that "it [wa]s not going to be possible" to complete his route on time, this fear was merely speculation about what he could actually do. *See Unangst*, 690 A.2d at 1308. Claimant explained that the Lancaster route was 600 miles long with 5 stops that had to be finished within 14 hours, with only 11 hours of drive time; that it was "hard to complete"; and that starting in Harrisburg would make it "harder to complete." T.T. at 6. However, Claimant offered no details about his Lancaster route or how Employer's changes in start location and time rendered him unable to meet the legal limit without the one-time issue he experienced with the trailer. Even if Claimant's concern about the legal limit was reasonable, Claimant did not advise Employer of his inability to find an empty trailer before he left Harrisburg. Board's Opinion at 2; T.T. at 9.

7

Because Claimant did not attempt to complete the route starting at 5 a.m. from Harrisburg, Claimant could not confirm his beliefs that he could not complete the route within the time required by law, or that Employer's expectations were unreasonable or rose to the level of circumstances that would compel a reasonable person to terminate his employment. *See Unangst*, 690 A.2d at 1308 (holding that the claimant did not meet her burden of showing a substantial change in her conditions of employment when she made no effort to comply with the employer's change in conditions); *Cf. Yingling*, 228 A.3d at 301 (holding that the claimant met his burden of showing a substantial change in employment conditions where the claimant presented evidence showing that the employer's change in a work condition was unreasonable and made a difference in his employment). Consequently, Claimant failed to meet his burden of proving that he had a necessitous and compelling reason to terminate his employment and, therefore, the Board properly found Claimant ineligible for benefits under Section 402(b) of the Law.

Accordingly, we affirm.

_____
CHRISTINE FIZZANO CANNON, Judge

Judge Brobson did not participate in this decision

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Fahnestock, : 
          Petitioner : 
           : 
      v. : 
           : 
Unemployment Compensation : 
Board of Review, :   No. 110 C.D. 2020
          Respondent : 

## O R D E R

AND NOW, this 1st day of October, 2020, the January 17, 2020 order of the Unemployment Compensation Board of Review is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge