IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| John W. Fleming, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 513 C.D. 2021 |
| | : | Submitted: May 6, 2022 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| | : | |
| Respondent | : | |


BEFORE:     HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  February 9, 2023

John W. Fleming (Claimant) petitions for review of the order of the Unemployment Compensation (UC) Board of Review (Board) that reversed the decision of a Referee and denied Claimant UC benefits under Section 402(b) of the Unemployment Compensation Law (Law).[1]  We affirm.

The Board's relevant findings of fact[2] may be summarized as follows. *See* Certified Record (CR) Item No. 18 at 1-2, ¶¶1-15.  Claimant was employed as a

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b).  Section 402(b) provides, in pertinent part, that "[a]n employe shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature . . . ." *Id.*

[2] The Board is the ultimate finder of fact in unemployment compensation proceedings. *Peak v. Unemployment Compensation Board of Review*, 501 A.2d 1383, 1389 (Pa. 1985); **(Footnote continued on next page…)**

part-time cleaner with Marmaxx Operating d/b/a Marshalls (Employer) until his resignation on February 18, 2020. Claimant worked from 7:00 a.m. to 11:00 a.m. and was paid $10.25 per hour. He was responsible for cleaning Employer's fitting room and service counter, mopping the store hallway, and discarding trash. *Id.* at 1, ¶¶1-3.

Employer had also contracted with a private cleaning company to clean Employer's bathroom and buff the floors. The two contracted cleaners typically took one to two hours to perform these duties. In January of 2020, Employer told Claimant that it would be terminating its contract with the private cleaning company and that Claimant would have to take over the duties of cleaning the bathrooms and buffing the floors. Claimant told his manager that he did not want to perform the extra duties without a raise, and the manager told Claimant that he would talk to the district manager about Claimant's request. Approximately two weeks later,

---

*Chamoun v. Unemployment Compensation Board of Review*, 542 A.2d 207, 208 (Pa. Cmwlth. 1988). Issues of credibility are for the Board, which may either accept or reject a witness' testimony whether or not it is corroborated by other evidence of record. *Chamoun*. This Court must examine the evidence in the light most favorable to the party that prevailed before the Board, and to give that party the benefit of all inferences that can be logically and reasonably drawn from that evidence. *Taylor v. Unemployment Compensation Board of Review*, 378 A.2d 829, 831 (Pa. 1977). Findings of fact are conclusive on appeal if the record contains substantial evidence to support the findings. *Id.* The fact that a witness has presented a version of the facts different from that accepted by the Board is not a basis for reversal if substantial evidence supports the Board's findings. *Tapco, Inc. v. Unemployment Compensation Board of Review*, 650 A.2d 1106, 1108-09 (Pa. Cmwlth. 1994). "It is irrelevant whether the record contains evidence to support findings other than those made by the fact-finder; the critical inquiry is whether there is evidence to support the findings actually made." *Ductmate Industries, Inc. v. Unemployment Compensation Board of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008) (citation omitted). As the burdened party with respect to establishing good cause, Claimant had to meet both his burden of production and his burden of persuasion. *Kirkwood v. Unemployment Compensation Board of Review*, 525 A.2d 841, 844 (Pa. Cmwlth. 1987). The Board was free to reject Claimant's evidence regarding his good cause, even if it was unrebutted. *Carriers Terminal Company v. Unemployment Compensation Board of Review*, 449 A.2d 873, 874 (Pa. Cmwlth. 1982).

Claimant's manager told him that a raise in his hourly wage would not be provided, and that he did not have a choice regarding the performance of the additional duties. Claimant then performed his regular work duties, and observed another employee operating a buffing machine. CR Item No. 18 at 1-2, ¶¶4-10.

On February 18, 2020, Claimant's manager told Claimant that he was "on his own," and that he needed to clean the store and buff the floors. After the manager's message, Claimant started to perform his job duties, but then abruptly resigned because he was dissatisfied with the added responsibilities without an immediate raise in wages. CR Item No. 18 at 2, ¶¶11-13.

On April 5, 2020, Claimant submitted an online application for UC benefits. *See* CR Item No. 2. On September 30, 2020, the Scranton UC Service Center (UCSC) issued a Notice of Determination in which it found that Claimant "has shown a necessitous and compelling reason for quitting his job," and that he "exhausted all reasonable alternatives prior to quitting." CR Item No. 7 at 1. On October 14, 2020, Employer submitted an appeal of the UCSC's Notice of Determination. *See* CR Item No. 8.

On March 1, 2021, a telephonic hearing was conducted before a Board Referee.[3] *See* CR Item No. 17 at 1-16. Claimant and Michelle Caruso, Employer's Store Manager, testified regarding Claimant's separation from his employment. *See id.* at 8-16. Ultimately, on April 12, 2021, the Board issued a Decision and Order disposing of the appeal, which stated, in relevant part:

_____

[3] A prior hearing was conducted before a Board Referee on November 6, 2020, but Employer did not appear. *See* CR Item No. 11 at 1-11. On November 9, 2020, the Referee issued a Decision/Order affirming the UCSC's Notice of Determination. *See* CR Item No. 12 at 1-3. However, Employer appealed the Referee's Decision/Order to the Board asking, *inter alia*, for a new hearing. *See* CR Item No. 13. As a result, on January 21, 2021, the Board remanded the matter for another Referee's hearing, which was conducted on March 1, 2021. *See* CR Item No. 14. Claimant does not raise any appellate claims regarding the Board's actions in this respect.

> [C]laimant left his employment due to added responsibilities without any increase in pay. It is well[]settled that an employer's imposition of a substantial unilateral change in the terms of employment constitutes a necessitous and compelling cause for an employee to terminate his employment. Whether a change is so substantial as to warrant necessitous cause for terminating employment must be determined on a case-by-case basis. Substantiality is measured by the impact on the employee, and whether the change involves any real difference in employment conditions.
>
> * * *
>
> The Board does not find that the added responsibilities imposed a substantial change to [C]laimant's existing cleaning responsibilities. The Board does not credit [C]laimant's testimony that the added responsibilities would require four hours of work, though he was only provided one hour to perform them. Moreover, its clear that [C]laimant was willing to take on the added duties, provided he was given a raise. However, his discontent with not getting an immediate raise would not sustain his burden under the Law.
>
> Lastly, [C]laimant failed to prove either that he acted with ordinary common sense or made a reasonable effort to preserve his employment, as he abruptly resigned before undertaking the new tasks. [C]laimant did not prove that he could not perform his duties within his work shift, or that he voiced a complaint that it would be impracticable until he resigned.
>
> Considering the totality of the circumstances, [C]laimant has failed to carry his burden to prove his voluntary separation was for cause of a necessitous and compelling nature. Therefore, he must be rendered ineligible for benefits under Section 402(b) of the Law.

CR Item No. 18 at 3-4. Accordingly, the Board issued an order reversing the Referee's Decision/Order and denying UC benefits. *See id.* at 4.

4

This appeal by Claimant followed,[4] in which his sole claim is that the Board erred in reversing the Referee's Decision/Order because: (1) the added job responsibilities posed a substantial change to his work responsibilities; (2) he proved that he would not be able to perform his work duties in the time provided; and (3) he carried his burden to prove that his voluntary separation was for cause of a necessitous and compelling nature. *See* Brief of Petitioner at 4, Statement of the Question Involved.

However, the Argument for Petitioner portion of Claimant's brief fails to cite any relevant statutory authority or case law supporting a determination that the Board made any of the foregoing legal errors.[5] Pa. R.A.P. 2119(a) states, in relevant part: "The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part . . . the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Claimant's failure to develop any meaningful argument in his appellate brief results in a waiver of any claims of Board error in this appeal. Indeed, as the Pennsylvania Supreme Court has observed:

---

[4] Our review of the Board's decision is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Middletown Township v. Unemployment Compensation Board of Review*, 40 A.3d 217, 222 n.8 (Pa. Cmwlth. 2012).

[5] Rather, Claimant's brief contains numerous conclusory platitudes purportedly requiring reversal of the Board's order without citation to any actual legal support for doing so. *See, e.g.*, Brief of Petitioner at 9 ("For the [Board] to find that [Claimant] 'was dissatisfied with the added responsibilities without an immediate raise' is an affront to human dignity, let alone constitutional rights."); *id.* ("[]Employer . . . demanded that [Claimant] do more work, heavier work, and dirtier work, for no increase in pay. No reasonable person, anywhere, would criticize a worker for declining such an opportunity."); *id.* at 10 ("On behalf of [Claimant], it is respectfully suggested that no one who is involved in this case would want a family member or a close friend to be treated in this way. The dignity of work should be respected, and human rights, even more than constitutional rights, should be maintained at all times.").

> While [the a]ppellants protest that the Commonwealth Court should not have *sua sponte* found waiver, our rules of appellate procedure are explicit that the argument contained within a brief must contain "such discussion and citation of authorities as are deemed pertinent." Pa. R.A.P. 2119(a). "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop an issue in any other meaningful fashion capable of review, that claim is waived. It is not the obligation of [an appellate court] to formulate [the] [a]ppellant's arguments for him." *Commonwealth v. Johnson*, [985 A.2d 915, 924 (Pa. 2009) (citations omitted)]. Moreover, because the burden rests with the appealing party to develop the argument sufficiently, an appellee's failure to advocate for waiver is of no moment. *Connor v. Crozer Keystone Health Sys*[*tem*], 832 A.2d 1112, 1118 (Pa. Super. 2003).

*Wirth v. Commonwealth*, 95 A.3d 822, 837 (Pa. 2014).

Moreover, assuming that Claimant has not waived his appellate claims, it is clear that the Board did not err in reversing the Referee's Decision/Order. As this Court has explained:

> Necessitous and compelling reasons for terminating a work relationship result from "circumstances which produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner." *Taylor*[, 378 A.2d at 832-33]. "An unemployment compensation claimant must establish that he acted with ordinary common sense in quitting his job, that he made a reasonable effort to preserve his employment and that he had no other real choice than to leave his employment." *Malloy v. Unemployment Compensation B*[*oard*]*of Review*, [523 A.2d 834, 836 (Pa. Cmwlth. 1987)].

\* \* \*

> We cannot agree that [the] claimant failed to provide any facts and details to support her contention;

6

indeed, [the] claimant provided substantial evidence that her responsibilities would increase. However, we must agree that her fears concerning the *amount* of additional work which would result from her increased supervisory responsibilities was largely speculative at the time she resigned. She never actually attempted the new position and thus never determined how the overall workload would be absorbed among the remaining staff. Therefore, [the] claimant failed to prove that the job modifications were unreasonable and rose to the level of circumstances which would compel a reasonable person to terminate employment. Accordingly, we agree with the Board's conclusion that [the] claimant failed to prove cause of a necessitous and compelling nature to voluntarily terminate her employment.

*Unangst v. Unemployment Compensation Board of Review*, 690 A.2d 1305, 1307-08 (Pa. Cmwlth. 1997) (emphasis in original).[6]

By refusing to attempt to perform the additional duties of his position for even a single shift, Claimant failed to act with ordinary common sense, failed to

---

[6] *See also PECO Energy Company v. Unemployment Compensation Board of Review*, 682 A.2d 58, 61 (Pa. Cmwlth. 1996), wherein this Court stated:

> In addition to showing the circumstances created by his employer, a claimant must also demonstrate that his response to those circumstances was reasonable. "In order to sustain that burden, a claimant 'must establish that he acted with ordinary common sense in quitting his job, that he made a reasonable effort to preserve his employment, and that he had no other real choice than to leave his employment.'" *Stroh–Tillman v. Unemployment Compensation Board of Review*, [647 A.2d 660, 662 (Pa. Cmwlth. 1994)] (quoting *Malloy v. Unemployment Compensation Board of Review*, [523 A.2d 834, 836 (Pa. Cmwlth. 1987)]. Where an employee has failed to take all necessary and reasonable steps to preserve the employment relationship, he or she has failed to meet the burden of demonstrating necessitous and compelling cause. *Westwood v. Unemployment Compensation Board of Review*, [532 A.2d 1281, 1282 (Pa. Cmwlth. 1987)]; *Redevelopment Authority of Dauphin County v. Unemployment Compensation Board of Review*, [405 A.2d 1061 (Pa. Cmwlth. 1979)].

7

take all reasonable steps to preserve his employment, and failed to demonstrate that he had no other real alternative than to quit his job. In sum, Claimant failed to sustain his burden of proving that Employer's modification of his duties was unreasonable and, therefore, provided necessitous and compelling cause to terminate his employment under Section 402(b) of the Law.

Accordingly, the Board's order is affirmed.

_____
MICHAEL H. WOJCIK, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John W. Fleming, :
:
          Petitioner :
:
      v. : No. 513 C.D. 2021
:
Unemployment Compensation :
Board of Review, :
:
          Respondent :

# **O R D E R**

AND NOW, this 9th day of February, 2023, the order of the Unemployment Compensation Board of Review dated April 12, 2021, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge